**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN WEISS,<br><br>Plaintiff,<br><br>v.<br><br>CHANNELADVISOR CORPORATION, TIMOTHY BUCKLEY, DAVID SPITZ, JOSEPH L. COWAN, JANET COWELL, LINDA CRAWFORD, MARSHALL HEINBERG, HIMANSHU PALSULE, TIMOTHY WILLIAMS, and SCOT WINGO,<br><br>Defendants. | Case No. ____________<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Steven Weiss ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against ChannelAdvisor Corporation ("ChannelAdvisor" or the "Company") and the members of ChannelAdvisor's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell ChannelAdvisor to CommerceHub, Inc. ("CommerceHub") (the "Proposed Transaction").

2. On September 4, 2022, ChannelAdvisor entered into an Agreement and Plan of Merger with CommerceHub and CH Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, CommerceHub will acquire ChannelAdvisor for $23.10 in cash for each ChannelAdvisor common share.

3. On October 11, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that ChannelAdvisor stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Robert W. Baird & Co. Incorporated ("Baird"); and (iii) potential conflicts of interest faced by Company insiders.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as ChannelAdvisor stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for ChannelAdvisor stockholders to vote on the Proposed Transaction is currently scheduled for November 11, 2022. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and ChannelAdvisor's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. ChannelAdvisor's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

**THE PARTIES**

9. Plaintiff is, and has been at all relevant times, the owner of shares of ChannelAdvisor common stock.

10. Defendant ChannelAdvisor is a Delaware corporation, with its principal executive offices located at 3025 Carrington Mill Boulevard, Suite 500, Morrisville, North Carolina 27560. ChannelAdvisor's shares trade on the New York Stock Exchange under the ticker symbol "ECOM."

11. Defendant Timothy Buckley has been Chairman of the Board and a director of the Company at all relevant times.

12. Defendant David Spitz has been Chief Executive Officer and a director of the Company at all relevant times.

13. Defendant Joseph L. Cowan has been a director of the Company at all relevant times.

14. Defendant Janet Cowell has been a director of the Company at all relevant times.

15. Defendant Linda Crawford has been a director of the Company at all relevant times.

16. Defendant Marshall Heinberg has been a director of the Company at all relevant times.

17. Defendant Himanshu Palsule has been a director of the Company at all relevant times.

18. Defendant Timothy Williams has been a director of the Company at all relevant times.

19. Defendant Scot Wingo is a co-founder of the Company and has been a director of the Company at all relevant times.

20. Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

21. ChannelAdvisor, together with its subsidiaries, provides software-as-a-service solutions in the United States and internationally. The Company helps brands and retailers improve their online performance by expanding sales channels, connecting with consumers across the entire buying cycle, optimizing their operations for peak performance, and providing actionable analytics to improve competitiveness. ChannelAdvisor's solutions include various platform modules such as Marketplaces, Digital Marketing, Shoppable Media and Brand Analytics.

**The Proposed Transaction**

22. On September 6, 2022, ChannelAdvisor announced that it had entered into the Proposed Transaction, stating, in relevant part:

> **Latham, NY & Research Triangle Park, NC – September 6, 2022 –** CommerceHub, an industry-leading commerce network connecting supply, demand and delivery for the world's leading retailers and brands, and ChannelAdvisor Corporation (NYSE: ECOM), a leading provider of cloud-based e-commerce solutions that enable brands and retailers to increase global sales, today announced they have entered into a definitive agreement for CommerceHub to acquire the outstanding shares of ChannelAdvisor in a transaction led by global software investor and current shareholder of CommerceHub, Insight Partners. Under the terms of the agreement, ChannelAdvisor stockholders will receive $23.10 per share in cash, representing a premium of approximately 57% over the company's closing stock price on September 2, 2022, the last full trading day prior to this announcement. The boards of directors of both companies have unanimously approved the transaction.
> The complementary combination of CommerceHub and ChannelAdvisor expands capabilities for brands and retailers:
>
> - Brands will be able to manage their public and private marketplaces alongside their retailer connections with a single vendor, improving efficiency by unifying first-party, dropship, and third-party integrations.
> - Retailers will be able to access an even larger pool of brands, with over 18,000 customers transacting more than $50 billion in gross merchandise value (GMV) and more than $500 million in digital marketing and retail media ad spend annually across the combined network.
> - Companies across the network will be able to save on delivery costs and improve delivery experiences with Delivery Suite, and improve their consumer experience with Shoppable Media and Brand Analytics.
>
> "CommerceHub and ChannelAdvisor have both established themselves as leading solutions for different segments of online retailers and brands. By coming together, we can provide an even broader network, enabling our combined customers to grow their businesses by discovering new products, new brands, and new channels," said Bryan Dove, CEO, CommerceHub.
>
> "This is a tremendous opportunity for our customers, for our team members and our shareholders. This transaction positions the combined company to accelerate innovation and help shape the future of commerce," said David Spitz, CEO, ChannelAdvisor.

> Investors that participated in this transaction include Insight Partners, GTCR, Sycamore Partners, and Baird Sachs Asset Management. Financing for the transaction is being provided by Sixth Street and Golub Capital LLC (the "Financing Sources").
>
> The proposed transaction is not subject to a financing condition and is expected to close in 2022. The transaction is subject to customary closing conditions, including receipt of regulatory approvals and approval by ChannelAdvisor's stockholders. The companies will operate independently until the proposed transaction is finalized.
>
> Upon completion of the transaction, ChannelAdvisor will become a privately held company and shares of ChannelAdvisor common stock will no longer be listed on any public market.
>
> Advisors
>
> Baird is serving as financial advisor to ChannelAdvisor and Cooley LLP is acting as legal counsel to ChannelAdvisor.
>
> Stifel and District Capital Partners are serving as financial advisors to CommerceHub. Willkie Farr & Gallagher LLP is acting as legal advisor to CommerceHub and Paul, Weiss, Rifkind, Wharton & Garrison LLP are acting as debt financing legal advisor to CommerceHub. Kirkland & Ellis LLP served as legal advisor to GTCR and Sycamore Partners and Simpson Thacher & Barlett LLP served as legal advisor to Baird Sachs Asset Management.
>
> Latham & Watkins LLP are acting as legal advisors to the Financing Sources.

**<u>The Materially Incomplete and Misleading Proxy Statement</u>**

23. On October 11, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that ChannelAdvisor stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Baird; and (iii) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning ChannelAdvisor's Financial Projections*

24. The Proxy Statement fails to disclose material information concerning the financial projections for the Company.

25. For example, with respect to the Company's financial projections, the Proxy Statement fails to disclose the line items underlying the calculation of: (i) Adjusted EBITDA; (ii) Levered Free Cash Flow; and (iii) Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Baird's Financial Analyses*

26. The Proxy Statement fails to disclose material information concerning Baird's financial analyses.

27. With respect to Baird's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the Company's terminal values; (ii) the inputs and assumptions underlying the discount rates ranging from 11.0% to 14.0%; (iii) ChannelAdvisor's net cash position as of June 30, 2022; and (iv) the Company's fully diluted outstanding shares.

28. With respect to Baird's *Selected Public Company Analysis* and *Selected Transaction Analysis*, the Proxy Statement fails to disclose the individual financial metrics for each of the selected companies and transactions analyzed by Baird, respectively.

29. With respect to Baird's *Transaction Premiums Paid Analysis*, the Proxy Statement fails to disclose the individual premiums observed for each transaction.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

30. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders.

31. Specifically, the Proxy Statement fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between CommerceHub and ChannelAdvisor's executive officers, including who participated in all such communications, when they occurred and their content. Moreover, the Proxy Statement fails to disclose whether any of CommerceHub's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

32. In sum, the omission of the above-referenced information renders statements in the "Financial Projections," "Opinion of Robert W. Baird & Co. Incorporated," "Background of the Merger," and "Interests of ChannelAdvisor's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of ChannelAdvisor will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and ChannelAdvisor

33. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading,

in violation of Section 14(a) of the Exchange Act and Rule 14a-9. ChannelAdvisor is liable as the issuer of these statements.

35. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

36. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

38. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

39. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

40. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act Against the Individual Defendants

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of ChannelAdvisor within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions

as officers and/or directors of ChannelAdvisor and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

45. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of ChannelAdvisor, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: October 25, 2022

**ACOCELLI LAW, PLLC**

By *\/s/ Richard A. Acocelli*

Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*